### JAMES C. WALKER ET AL. v. J. D. B. COLE.

#### No. 556.

**1. Cases Adhered to.**—Estell v. Cole, 52 Texas, 170, and Estell v. Cole, 62 Texas, 703, adhered to as to sufficiency of facts pleaded excusing the payment of purchase money in an executory contract, so as to prevent its forfeiture at will of vendor.

**2. Practice.**—Where there is conflicting testimony upon a material issue, it is error in the trial court to refuse to submit the issue to the jury. See example.

**3. Vendee's Rights Begin at His Purchase.**—A vendee of land by his purchase acquires no right of action for cutting timber from the land prior to his purchase.

**4. Incompetent Declarations.** — In an action involving the right of plaintiff to rescind a sale of land to defendant for nonpayment of purchase money, the defendant pending suit sold the land. It was error to admit testimony as to defendant's declarations made subsequent to his sale, no predicate having been laid to impeach the defendant as a witness.

**5. Relevant Testimony.**—Vendee under bond for title was sued for the land by his vendor. Answer alleging conflicting grant and claim under it. *Held*, error to exclude such adverse grant and evidence of claim under it, as the testimony tended to support his answer excusing the nonpayment of purchase money.

**6. Subscribing Witness.**—The absence of a subscribing witness must be accounted for before other testimony to the execution of a document is competent.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

Appellee brought this suit in August, 1871, to recover of Jesse Estell, the original defendant herein, and try the title to the southeast quarter

of Samuel Gholson league in said county, and at the same time sued out a writ of sequestration, under which he was placed in possession of the land, April, 1874. Plaintiff claims by a deed from John Chism, dated August 14, 1871. Estell claimed by purchase from said Chism under written contract with general warranty, dated January 15, 1867.

Defendant filed general demurrer, not guilty, and subsequently pleaded title and equitable excuses for nonpayment of his notes to Chism; and made said Chism and G. J. and J. P. Martinez Del Rio, adverse claimants under an eleven league grant, parties, and prayed they be compelled to join issue as to title.

These parties appeared and filed pleadings, and Chism tendered issue of title to the Rios. But on motion of the plaintiff, the Rios were dismissed from the case. A trial was had, resulting in a judgment for the plaintiff for the land, etc., from which Estell appealed, and the Supreme Court reversed that judgment, holding that the Rios were proper parties, and that the answer of Estell "sufficiently excused the failure to pay to prevent (if true and unrebutted by other facts) the forfeiture claimed, the defendant proffering to bring the unpaid purchase money into court, and that the court erred in striking it out." 52 Texas, 177.

Upon a return of the mandate of the court below, plaintiff amended, alleging his purchase August 14, 1871, the excutory purchase of Estell, January 15, 1867, and forfeiture of same by nonpayment of purchase money notes at maturity, etc.

Chism amended, leaving out his former plea tendering issue of title to the Rios, and joined plaintiff in his pleadings.

The Rios made default.

The defendant, Estell, amended, reiterating the material points in his former answer, and conforming the same to the ruling of the Supreme Court; also, further alleging, that since the former trial the suits brought by the Rios in the United States court against said defendant and others had been decided in favor of the said Rios, and that he had been forced to buy the land from said Rios in order to protect his rights under the purchase from Chism; but that his purchase from the Rios was made in subserviency to the title he held under Chism, and prayed he be allowed reasonable compensation therefor, and that he have title under his said contract with Chism, etc.

The trial resulted in a judgment for the plaintiff for the land, and Estell again appealed, and the Supreme Court again reversed the judgment below, holding: "There is no legitimate evidence that the contract was ever abandoned by Estell or rescinded by Chism. * * * Upon the whole case our opinion is, that as against Estell, the plaintiff acquired by his purchase no rights which could not have been asserted by Chism." 62 Texas, 702.

Upon a return of the mandate to the court below, the case was again

tried, and that court finally, after having submitted both the general issue and also the special issues above indicated, with others, to the jury, and obtained a verdict, concluded that the Supreme Court had limited the issues to be tried by it to the points above indicated, and rendered a judgment accordingly for the plaintiff for the purchase money, less off-sets from rents, etc., and for the defendant for the land.

From this judgment the plaintiff sued out a writ of error, and the case was a third time taken to the Supreme Court, which reversed the judgment below, holding that the opinion rendered on the previous appeal (62 Texas, 703) was not intended to limit the issues to be tried by the court below; and as the court so construed it, and limited the issues, such action was error. That " the previous decision is the settled law of the case made in the record then before the court, and must be followed and applied by the court below, unless a materially different case is made upon another trial." 6 S. W. Rep., 171.

Upon a return of the mandate to the court below, appellant James C. Walker came in, and was permitted, on December 28, 1889, to make himself a party defendant, having purchased the land from the original defendant, Jesse Estell, pending this suit. Walker adopted all the pleading filed in the case by Estell. Upon the trial, the death of Estell having been suggested, the suit was dismissed as to him, Walker having acquired all his interest in the land and having made himself defendant, the cause went to trial with the same pleading by both plaintiff and defendant, James C. Walker, upon which the case was tried and passed on by the Supreme Court in 62 Texas.

There was a judgment for plaintiff for the land, from which defendant Walker appealed.

[This statement is from brief for appellant, and concurred in by appellee.]

*M. Surratt,* for appellants, cited: Estell v. Cole, 62 Texas, 695; Cole v. Estell, 6 S. W. Rep., 171; Franklin v. Cassiday, 62 Texas, 420; Railway v. Tabor, 77 Texas, 153.

*Jones, Kendall & Sleeper,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is the fourth appeal in this case. The former decisions settle the law, in so far as this case is concerned, to the effect, that the answer interposed by Estell gave a sufficient excuse for not paying for the land when his notes for the purchase money fell due to deprive Chism of the right to treat the contract of sale as forfeited and sell the land to another, so as to preclude Estell of his right to pay for and hold it.

Concerning the facts set up as constituting such excuse, there was evi-

dence pro and con on the last trial, yet the trial court declined to submit the issue to the jury, and instructed them to find for the plaintiff for the land.    This was error, for which the judgment must be reversed.

The court also erred in not sustaining appellant's contention, that Estell could not be held responsible to appellee for timber cut on the land by the former before the latter's purchase from Chism.    Estell v. Cole, 62 Texas, 703.

Inasmuch as the present appellant has succeeded to all the rights of the former defendant, Estell, and as it does not appear that a predicate was laid to impeach Estell as a witness, the court erred, as charged in appellant's eighth assignment of error, in permitting appellee to testify to a statement made by Estell after he had sold to appellant.

Appellant's tenth assignment of error must likewise be sustained.  The testimony offered would have been a circumstance proper to be considered by the jury in determining whether or not Estell was excusable for not paying his purchase money notes at maturity.

The court should have sustained appellants' objection to the testimony of appellee, Cole, proving the execution of the instrument purporting to have been executed by John Chism to appellee, and witnessed by J. M. Wilson.    Until appellee had accounted for the absence of the subscribing witness, he was not entitled to prove its execution by his own testimony.

Other objections to the court's rulings upon the admissibility of testimony are without merit; and as the law of the case has been settled by the former decisions, this opinion will not be extended.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 29, 1893.